UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| FOREIGN FUND A/K/A FIRST BANK, RON MEALING, JOHN SHIRCK, and WOLFGANG J. FASTIAN, | ) ) ) ) | No. 3:04-0898 JUDGE ECHOLS |
| Defendants, | ) ) | |
| WALLY DOW, MW FIRST INC., MW FIRST TRUSTEES INC., WOLFGANG J. FASTIAN, DEANA WHITELY, and STAR CONNECTION, INC., | ) ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

## ORDER

Pending before the Court are the Magistrate Judge's Report and Recommendation ("R&R") (Docket Entry No. 124), to which no objections have been filed, and Plaintiff Commodity Futures Trading Commission's Motion For Sanctions Against Wolfgang J. Fastian For Failure To Comply With Court's Discovery Order (Docket Entry No. 116).

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court may accept, reject, or modify in whole or in part the findings or recommendations made by the Magistrate Judge.

Defendant Fastian is not represented by counsel in this action, but he previously participated in a telephonic status conference with this Court. Plaintiff took appropriate steps under the Federal Rules of Civil Procedure to schedule Defendant Fastian's deposition for June 29, 2006, but as revealed in the R&R, Defendant Fastian failed to appear for his deposition on that date and again on August 25, 2006, as ordered by the Magistrate Judge. Defendant claims to be in Austria with an "immigration problem" precluding his return to the United States.

The Court has not received any communication from Defendant Fastian after November 6, 2006. The Court received an "update" from his wife, Terry Swain-Fastian, on February 16, 2007, but no additional information about Defendant Fastian's whereabouts or his intent to return to the United States has been forthcoming. Defendant's voluntary absence and failure to participate in discovery under the Civil Rules has prejudiced the Plaintiff in preparing its case for trial. Accordingly, the Court rules as follows:

(1) The Magistrate Judge's Report and Recommendation ("R&R") (Docket Entry No. 124) is hereby ACCEPTED.

(2) Plaintiff Commodity Futures Trading Commission's Motion For Sanctions Against Wolfgang J. Fastian For Failure To Comply With Court's Discovery Order (Docket Entry No. 116) is hereby GRANTED.

(3) As an appropriate sanction under Federal Rule of Civil Procedure 37(b)(2)(A), the factual statements concerning Defendant Fastian's involvement in this matter, as stated on pages 2 and 3 of the Plaintiff's Motion for Partial Summary Judgment Against Defendant Wolfgang J. Fastian (Docket Entry No. 103), are hereby taken as established for all further purposes of this action. The said established facts of the case, although not exclusive, are as follows:

> From at least October 2003 through September 2004, Foreign Fund instructed customers to deposit funds directly to accounts the firm held at the Internet based value transfer firm – e-gold, and beginning in early 2004 through accounts at the Internet based value transfer firms Intgold and Evocash. Defendant Fastian was responsible for hosting and maintaining the servers for the Foreign Fund customer online website at *www.ff-bank.com*, which began operating sometime between February and March 2004. Fastian had free access to the contents of the website he hosted which included the Foreign Fund customer account database, the customer chat room and customer forum.
>
> Defendant Fastian had access to and exercised various degrees of control over Foreign Fund's Internet based financial accounts containing customer funds held at the firms of e-gold, Intgold and Evocash during the period from March to September 2004. Between November 2003 and August 2004, Foreign Fund customers sent $3.9 million dollars to the e-gold accounts held by Foreign Fund. At various times between at least March and June 2004, Fastian made payments to Foreign Fund employees, customers and himself from the customer funds in Foreign Fund's e-gold account. Fastian was aware that funds from the e-gold accounts receiving Foreign

Fund customer monies were used to make payments to him and to customers seeking to withdraw monies from their Foreign Fund accounts.

For at least a two-week period in May 2004, Fastian exercised exclusive control over and withdrew money from Foreign Fund's Internet based financial accounts, which were the repository of customer funds. During the month of May 2004, $132,684 of customer funds was transferred from Foreign Fund's e-gold accounts to other accounts including the accounts of Foreign Fund customers. During the last two weeks in May, at least $28,500 in customer funds was transferred from the Foreign Fund's e-gold accounts to Fastian's e-gold account and approximately $74,000 to the accounts of other parties.

During at least a two-week period in May 2004, Fastian exercised exclusive control over Foreign Fund's e-gold accounts. During the May period when Fastian exercised exclusive control over Foreign Fund's e-gold accounts, and at other times, he effected the transfer of customer funds to his own e-gold account and to the e-gold accounts of others, including Foreign Fund employees.

Fastian was aware that no funds from the e-gold accounts containing Foreign Fund customer monies were received by or sent to any regulated financial institution, clearinghouse, or other designated contract facility that might indicate the existence of trading activity on behalf of Foreign Fund. Because, among other reasons, Fastian was a customer of Foreign Fund, he knew that the customer monies in the Foreign Fund e-gold accounts that he sent to himself or to other parties were solicited for the purpose of engaging in foreign currency futures trading and knew that customers intended the funds to be used for foreign currency futures trading.

Fastian misappropriated Foreign Fund customer monies solicited for the exclusive purpose of engaging in foreign currency futures trading by sending them to himself or to other parties, including Foreign Fund customers and employees.

In its previous Order of June 25, 2007, this case was returned to the Magistrate Judge for further case management under Local Rul 16.01, including setting a trial date to commence no later than Tuesday, February 12, 2008, and a final pretrial conference date, as well as conducting a status conference to ensure all pretrial discovery issues are resolved, all evidentiary issues and motions in limine are decided, and this case is ready for trial on the date scheduled without further intervention by the Court. (Docket Entry No. 121). The Clerk is directed to return the file to the Magistrate Judge.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE