UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) NO. 3:04-0898<br>) JUDGE ECHOLS |
| FOREIGN FUND a/k/a FIRST BANK, RON MEALING, JOHN SHIRK, and WOLFGANG J. FASTIAN | )<br>) ORDER OF DISGORGEMENT<br>) AGAINST DEANA WHITELY<br>) |
| Defendants | )<br>) |
| WALLY DOW, MW FIRST INC., MW FIRST TRUSTEES INC., WOLFGAN J. FASTIAN, DEANA WHITELY, and STAR CONNECTION INC. | )<br>)<br>)<br>)<br>)<br>) |
| Relief Defendants | ) |

## I.

### INTRODUCTION

This matter is before this Court on the motion of plaintiff United States Commodity Futures Trading Commission ("Commission") seeking entry of an order of disgorgement as the relief requested in its Amended Complaint ("Complaint") against relief defendant Deana Whitely ("Whitely").

The Court has previously considered the Motion for Summary Judgment against Whitely by the CFTC on October 23, 2006. Following the Commission's Motion for Summary Judgment, this Court on June 25, 2007 issued a Memorandum and an Order granting summary Judgment against Whitely. Based upon the sworn declaration of Patricia Gomersall, her testimony at the trial on February 12, 2008, and the entire record, the Court finds that Whitely received at least $245,424.42 in Foreign Fund customer money to which she has no legitimate

claim, and therefore Whitely holds $245,424.42 in constructive trust for the benefit of the Foreign Fund customers.

Being fully advised in the premises, the Court hereby:

**GRANTS** the Commission's motion against Whitely for an order of disgorgement and to enters this order providing that Whitely disgorge all customer funds she posseses to which she has no legitimate claim.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action against such person to enjoin such practice or to enforce compliance with the Act.

It is well settled that once the Commission invokes the equitable powers of a federal court by filing an injunctive action, the court may utilize the full range of its equitable powers to fashion an adequate equitable remedy, including orders that persons named as relief defendants return funds they received from the illegal conduct at issue. *See, e.g. SEC v. Colello*, 139 F.3d 674 (9th Cir. 1998); *SEC v. Egan*, 856 F. Supp. 401 (N.D. Ill. 1993); *SEC v. Antar*, 831 F. Supp. 380 (D.N.J. 1993). The Commission may seek equitable relief from relief defendants without charging them with any wrongdoing, when the relief defendant "possesses illegally obtained profits but has no legitimate claim to them." *SEC v. Cherif*, 933 F.2d 403, 414 n.11; *Colello*, 139 F.3d at 676. *Accord, CFTC v. IBS, Inc.*, 113 F. Supp.2d 830, 851 (W.D.N.C. 2000), *aff'd sub, nom. CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187 (4th Cir. 2002). Such an order is

2

appropriate when a relief defendant has obtained funds to which he or she has no legitimate claim. *Colello*, 139 F.3d at 676-77. Moreover, it is not necessary for the person holding the property to have done anything wrong in order for that person to be required to return the property to its rightful owner. Nor does it matter whether the relief defendant no longer possesses all or some of the ill-gotten gains when the Commission files its suit. *See Colello*, 139 F.3d at 678; *SEC v. Great Lakes Equities Co.,* 775 F. Supp. 211, 214 (E.D. Mich. 1991). Under this standard, the Relief Defendants should be held jointly and severally liable with the Defendant for the full amount of ill-gotten gains, plus prejudgment interest thereon.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-(e), because Foreign Fund transacted business in the Middle District of Tennessee, and the acts and practices in violation of the Act occurred within this District, among other places.

### III.

### FINDINGS OF FACT

1. A total of $245,424.42 in Foreign Fund customer monies was sent to accounts held by Whitely.

3. Whitely has no legitimate claim to the $245,424.42 in Foreign Fund customer monies she received.

### IV.

**IT IS HEREBY ORDERED THAT:**

**PAYMENT OF DISGORGEMENT:**

Relief Defendant Whitely shall disgorge within ten days from the date of this Order $245,424.42, representing funds obtained from customers as a result of the conduct alleged in the Complaint, plus post-judgment interest at the interest rate set forth in 28 U.S.C. § 1961 ("Disgorgement Amount"). The Commission may enforce the Court's judgment for

3

disgorgement and interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Order.

**APPOINTMENT OF MONITOR**:  To effect payment by Whitely and distribution of disgorgement, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor").  The Monitor shall collect disgorgement payments from Whitely, and make distributions as set forth below.  Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, the Monitor shall not be liable for any action or inaction arising from the Monitor's appointment, other than actions involving fraud.  NFA shall be the Monitor for this action until the complete satisfaction of the Judgment of Disgorgement and the complete distribution of all funds paid or collected in satisfaction of this Judgment of Disgorgement.

**COLLECTION OF DISGORGEMENT**:  Relief Defendant Whitely shall make payments in satisfaction of this Order by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to Office of Administration, National Futures Association, 200 W. Madison Street #1600, Chicago, Illinois 60606-3447 under cover letter that identifies the firm and the name and docket number of the proceeding.  Whitely shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

**MONITOR'S DISCRETION TO MAKE *PRO RATA* DISTRIBUTIONS**:

The Monitor shall oversee Whitely's disgorgement obligation, and shall have the discretion to determine the manner for distribution of funds in an equitable fashion to defrauded Foreign Fund customers, as appropriate, or may defer distribution until such time as it may deem appropriate. Any partial distribution shall be made on a *pro rata* basis to those customers who can be located at the time of the distribution. In the event that the amount of disgorgement payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of the making a disgorgement distribution is impractical, the Monitor may, in its discretion, treat such disgorgement payments as civil monetary penalty payments, which the Monitor shall forward to the Commission.

**CONTINUING JURISDICTION OF THIS COURT**: This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

**Done and Ordered this 12th day of February 2008, at Nashville, Tennessee.**

							_____
							**ROBERT L. ECHOLS**
							**UNITED STATES DISTRICT JUDGE**