**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **Commodity Futures Trading Commission,** ) | **O4 CIV 3 04 0898** |
| ) | **JUDGE ECHOLS** |
| **Plaintiff,** ) | |
| ) | **ORDER OF DISOLUTION  OF** |
| **v.** ) | **TEMPORARY RECEIVERSIP OF** |
| ) | **GILARDI & CO., LLC** |
| **Foreign Fund a/k/a First Bank, Ron Mealing,** ) | |
| **John Shirck, and Wolfgang J. Fastian,** ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| **Wally Dow, MW First Inc., MW First Trustees** ) | |
| **Inc., Wolfgang J. Fastian, Deana Whitely, and** ) | |
| **Star Connection Inc.,** ) | |
| ) | |
| **Relief Defendants.** ) | |
| ) | |
| ) | |
| ) | |

**I.**

This matter is before this Court on the motion of plaintiff United States Commodity Futures Trading Commission ("Commission") seeking entry of an order of dissolution of the Temporary Receivership of Gilardi & Co., LLC.

The Temporary Receiver, Gilardi & Co. LLC ("Gilardi"), filed a report on January 31, 2008 ("January Report") in this matter.  The January Report provided the Court and the parties with a summary of Gilardi's work as Temporary Receiver and advised as to the feasibility of processing Foreign Fund investor claims.

Being fully advised in the premises, the Court hereby:

**GRANTS** the Commission's motion against for an Order of Dissolution of the Temporary Receivership of Gilardi & Co., LLC.

**IT IS  HEREBY ORDERED THAT:**

**1.      <u>Sale of Remaining Assets</u>**

Gilardi shall effect the sale of all remaining assets including Defendant Wolfgang Fastian's HumVee vehicle, partial VIN number 31986, through consignment or otherwise within 45 days from the date of the entry of this order.

**2.      <u>Estate of John Shirck</u>**

Gilardi shall return the funds identified as the personal assets of John Shirck to the estate of John Shirck within 30 days from the date of the entry of this order.

**3.      <u>Claims Process</u>**

Based upon the limited monetary assets recovered by the Temporary Receivership,  no claims process shall be established.  Within 30 days from the date of the entry of this order,  Gilardi shall send a Notice to the investors who have contacted Gilardi stating that the case is concluded and insufficient funds have been found to warrant a claims process.

**4.      <u>Payment of Receiver</u>**

Gilardi shall submit an application for payment for costs and fees for its work as Temporary Receiver in this matter, including the mailing notification to the potential class members who have contacted Gilardi.  Such application shall be made within 60 days from the date of the entry of this order.

2

## 5.    Remainder of Funds

After the Court has ruled on the application for payment, Gilardi shall pay the remaining balance of funds to the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall collect the funds for distribution as set forth below. Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, the Monitor shall not be liable for any action or inaction arising from the Monitor's appointment, other than actions involving fraud. Funds transfer shall be made payable to Office of Administration, National Futures Association, 200 W. Madison Street #1600, Chicago, Illinois 60606-3447 under cover letter that identifies Gilardi and the name and docket number of this proceeding. Gilardi shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

## 6.    Monitor's Discretion

The Monitor shall have the discretion to determine the manner for distribution of funds in an equitable fashion to defrauded Foreign Fund customers, as appropriate, or may defer distribution until such time as it may deem appropriate. Any partial distribution shall be made on a *pro rata* basis to those customers who can be located at the time of the distribution. In the event that the amount of payment to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of the making a distribution is impractical, the Monitor

3

may, in its discretion, treat such payment as a civil monetary penalty payment, which the

Monitor shall forward to the Commission.


**CONTINUING JURISDICTION OF THIS COURT**:

This Court shall retain jurisdiction of this cause to assure compliance with this Order and

for all other purposes related to this action.


**Done and Ordered this 12th day of February 2008, at Nashville,**

**Tennessee.**


_[signature]_

**ROBERT L. ECHOLS**
**UNITED STATES DISTRICT JUDGE**


4